UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN RAFAEL JOSEPH,
          Petitioner,

v.
                                        Case No. 11-11118
                                        Honorable Patrick J. Duggan

ERIC H. HOLDER, JR., Attorney
General, JANET NAPOLITANO,
Secretary of the Department of Homeland
Security, and REBECCA ADDUCI, US
IMMIGRATION AND CUSTOMS
ENFORCEMENT DIRECTOR
               Respondents.
_____/

**OPINION AND ORDER DENYING (1) PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND (2) PETITIONER'S MOTION TO REVERSE EMERGENCY MOTION TO VACATE STAY OF REMOVAL**

On March 17, 2011, Petitioner filed a petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241 challenging his detention pending his removal from the United

States.  On April 27, 2011, the Court entered an order directing Respondents to file a

response to the petition and staying Petitioner's removal pending further order of the

Court.  The order indicated, however, that Respondents could move to vacate the stay for

good cause shown.  Respondents filed a response to the petition on May 10, 2011, and a

supplemental response on June 22, 2011.  On June 6, 2011, Respondent Rebecca Adducci

("Director Adducci") also filed an emergency motion to vacate the stay of removal

because she had received information that Petitioner had been placed on the flight

manifest for a government charter flight to Haiti tentatively scheduled for June 14, 2011.

The Court granted Director Adducci's motion on June 6, 2011.  On July 7, 2011,

Petitioner filed a motion asking the Court to reverse that decision because he was not

returned to Haiti on June 14 and remains in custody.

This is the second habeas petition that Petitioner has filed challenging his

detention. *See Joseph v. Holder, et al.*, No. 10-14592 (E.D. Mich. filed Nov. 18, 2010).

This Court denied Petitioner's first action in an opinion and order entered February 14,

2011. For the reasons set forth in that decision and below, the Court denies the current

petition. Because the Court finds that Petitioner's removal is foreseeable in the near

future and that a stay will interfere with that procedure, the Court also is denying

Petitioner's motion to reverse the June 6, 2011 decision vacating the stay of removal.

## Applicable Law

An alien's detention pending execution of a final deportation order is governed by

section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a).

Under this section, the Attorney General is provided a ninety-day period to accomplish

the alien's removal from the United States following the entry of a final order of

deportation or removal. *Id*. § 1231(a)(1)(A)-(B). During this ninety-day period,

Congress has mandated the alien's detention. *Id*. § 1231(a)(2). After the expiration of the

ninety-day removal period, the Attorney General may continue to detain "inadmissible or

criminal aliens":

> An alien ordered removed who is inadmissible under section 1182 of this
> title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of
> this title or who has been determined by the Attorney General to be a risk to
> the community or unlikely to comply with the order of removal, may be
> detained beyond the removal period and, if released, shall be subject to the
> terms of supervision in paragraph (3).

*Id*. § 1231(a)(6).

Nevertheless, in *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491 (2001), the

Supreme Court held that an alien's detention pending removal pursuant to § 1231(a)(6)

may not continue indefinitely, but only for "a period reasonably necessary to secure

removal." *Id*. at 699-701, 121 S. Ct. at 2504-05.  The Court concluded that six months

from the entry of a final detention order is a presumptively reasonable period of time for

the government to effect removal. *Id*. at 701, 121 S. Ct. at 2505.  After six months,

however, release is not mandatory.  Instead, the alien must provide "good reason to

believe that there is no significant likelihood of removal in the reasonably foreseeable

future." *Id*.  Release still is not mandatory if the government responds "with evidence

sufficient to rebut that showing." *Id*.  The Supreme Court indicated that "an alien may be

held in confinement until it has been determined that there is no significant likelihood of

removal in the reasonably foreseeable future." *Id*.

The Court's decision in *Zadvydas* was extended to inadmissible aliens in *Clark v.

Martinez*, 543 U.S. 371, 125 S. Ct. 716 (2005).

### Background

As set forth in the Court's decision denying his first petition pursuant to § 2241,

Petitioner is a native and citizen of Haiti who arrived in the United States as a stowaway

in June 2001.  Petitioner applied for asylum, which Immigration Judge ("IJ") Marsha K.

Nettles denied on August 19, 2005.  IJ Nettles, however, granted Petitioner Withholding

of Removal under the Convention Against Torture ("CAT").

On May 30, 2006, Petitioner pleaded guilty to one count of armed robbery in

violation of Michigan Compiled Laws § 750.529 in the Circuit Court for Kent County,

Michigan.  On July 24, 2006, the trial court sentenced Petitioner to a term of imprisonment of two to twenty years.  Petitioner was paroled from prison on December 14, 2009, at which time ICE took him into custody.  On or about that date, the government moved to reopen Petitioner's immigration case so that it could demonstrate the existence of a ground for terminating his withholding of removal under CAT, i.e., his conviction for a particularly serious crime.

On January 4, 2010, IJ Nettles granted the government's motion. Following a hearing, IJ Nettles held on May 5, 2010, that the government established by a preponderance of the evidence that Petitioner had been convicted of a particularly serious crime rendering him ineligible pursuant to 8 C.F.R. § 1208.24(f) for the prior grant of withholding of removal under CAT.  Petitioner declined to file for Deferral of Removal. A final order of deportation subsequently was entered on June 8, 2010.

ICE thereafter conducted a review with respect to Petitioner's continuing custody pending removal.  On August 3, 2010, Director Adduci issued a decision concluding that Petitioner would not be released as a result of his criminal conviction and a determination that he was a threat to the community based on "the violent nature" of tickets he received while in custody of the Michigan Department of Corrections and "the nature of the tickets/reports" he received while in ICE custody.  Director Adduci further explained that if Petitioner was not released or removed by November 1, 2010, jurisdiction over his custody determination would be transferred to the ICE Headquarters Post Order Unit ("HQPDU") in Washington, D.C.

Petitioner filed a petition for habeas relief pursuant to § 2241 in this Court on

4

November 18, 2010.  Thereafter, HQPDU conducted a custody review and, on November

30, 2010, issued a decision continuing Petitioner's detention.  That decision was based, in

part, on efforts made towards Petitioner's removal suggesting that it would take place

within the reasonably foreseeable future.  In light of those efforts, this Court denied

Petitioner's habeas petition on February 14, 2011.

Shortly thereafter, HQPDU again reviewed Petitioner's detention and, on March 7,

2011, issued a decision again continuing Petitioner's detention.  (Doc. 8 Ex. L.)  The

decision states, in pertinent part:

> A request for a travel document was submitted to the government of Haiti
> and ICE is currently working with the government of Haiti in securing a
> travel document for your removal from the United States.  There is no
> reason to believe at this time that your removal will not take place within
> the reasonably foreseeable future.

(*Id.*)  In response to the habeas petition Petitioner filed ten days after HQPDU's decision,

Respondents indicate that, on April 29, 2011, Petitioner had been placed on an upcoming

manifest to be returned to Haiti and that ICE anticipated Petitioner's placement on a June

flight to Haiti.  (*Id*. Ex. M ¶ 8.)

As indicated earlier, Petitioner in fact was not removed on a June charter flight.

Respondents inform the Court in their supplemental response that due to the January 12,

2010 earthquake in Haiti, removals to the country were temporarily suspended and a

backlog of Haitians awaiting removal developed.  (Doc. 12 Ex. O ¶ 4.)  Respondents

further inform the Court that removals to Haiti were resumed in January 2011, and that

five repatriation charter flights have occurred since that time.  (*Id*. ¶ 7.)  According to

Mark R. Lenox, Deputy Assistant Director of the ICE Removal Management Division at

ICE Headquarters, Petitioner is scheduled to be removed via a charter flight to Haiti in the

foreseeable future.  (*Id*. ¶ 12.)

## Analysis

Respondents present sufficient evidence to show that there is a significant

likelihood that Petitioner will be removed to Haiti in the reasonably foreseeable future.

Undoubtedly Petitioner's removal has been delayed for longer than expected.  This delay,

however, was brought about by natural causes (i.e. the January 2010 devastating

earthquake in Haiti) and not because the United States government is not working

towards Petitioner's successful and prompt repatriation or because the Haitian

government is unwilling to accept him.  The Court therefore concludes that Respondents

have not unlawfully detained Petitioner pending execution of the final order for his

removal from the United States.

Accordingly,

**IT IS ORDERED**, that Petitioner's petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241 is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's Motion to Reverse Emergency

Motion to Vacate Stay of Removal is **DENIED**.

Dated: July 20, 2011                              s/PATRICK J. DUGGAN
                                                         UNITED STATES DISTRICT JUDGE

Copies to:
Rafael-Jean Joseph, #074010687
St. Clair County Jail
1170 Michigan Road
Port Huron, MI   48060

AUSA Derri T. Thomas